We have a total of five cases on the docket for this morning. Two of the cases have been submitted on briefs and are under submission. We have three cases scheduled for argument this morning. Our first case is Dover v. Collins, number 24-21-46. Councilor Munion, you had reserved four minutes of time for rebuttal, correct? Yes, correct. Okay, you may begin. May I please the court? The government does not dispute that the Veterans Court never addressed Mrs. Dover's central argument in denying her appeal. That in itself is grounds for vacater and remand here. And the government also does not contest Mrs. Dover's central argument that the board's decision rests on the assumption that lay evidence can be disregarded solely because of lack of medical evidence. The government's argument is that that was okay in 1968, but the VA was obliged in 1968, as now, to consider lay evidence even in the absence of medical evidence. This court should vacate and remand for the board to address in the first instance. How do we know that in 1968 the rule was clearly that lay evidence could be used to support nexus? Thank you, Your Honor. I would point the court to... That's the standard, right? It's not, we recognize now, I don't know when the decision was, but we now, of course, the VA would agree that you have to consider lay evidence. Not that it's necessarily going to establish it, but you have to. But we have that case called Cypler, I think that's what it is, Cyples. Cyples, yes. That makes it clear that, I think, that just because we have a decision now interpreting a statute, that doesn't mean that that was the proper interpretation of the time. Yes, yes. What from 1968 suggests that the VA didn't interpret that statute as requiring nexus? So I'd point the court to 38 U.S.C. 354 in the 1960s, which is now 38 U.S.C. 1154A. It provides that the administrator shall include in the regulations requiring due consideration be given to all pertinent medical and lay evidence. That's the exact... Sure, but that doesn't necessarily... Yeah, I know that's what we relied on to come up with this new rule, but it says medical and lay. So it could be interpreted to say, well, for nexus it's got to be medical evidence. Why isn't that improper? I mean, I know it's the wrong interpretation, and let's start from, we all agree that currently that would be the wrong interpretation, but things were a lot different in 1968. And so, I mean, what did you do with the fact that at some point in time, I forget the exact dates, that medical evidence of nexus actually was required to establish the well-grounded complaint rule? There was at least a period in VA's history where medical evidence was specifically required in the claims process, right? So, Your Honor, I think there are a couple different very important points in your question that I'd like to address. So, first, I want to turn to the standard that this Court announced in Stifles. So, Stifles is clear that a decision of this Court is not required to make a rule clear. It says where a regulation is sufficiently clear on its face, the language of the regulation itself can establish the existence of Q. That's at 1331. Determining whether it was clear requires looking at the plain language of the statute or regulation. That's 1332. So, second, Buchanan emphasized, and Buchanan is this Court's decision that Your Honor is referring to, that lay evidence is not required, it emphasized that there was no uncertainty in the law that it was resolving. And again, it's looking at 1150. See, my problem is, if we go with you on this argument, every time we come up with a interpretation of a statute that's inconsistent with what VA had been doing for years, just because it hadn't gotten to us, that suddenly opens up the window for acute claims. VA had been relying on some other interpretation of the law. Two points on that concern, Your Honor. One, I don't think that it would open up some uncertainty in every instance because Stifles is requiring that you take a specific look at the specific language of the statute or regulation at issue. You know, in some cases, it's simply not going to be clear. Here, I would submit that it is clear. And then, let me go back. Without talking about Buchanan, why is it clear here? Because what you just pointed to me, to a very general statement about requiring to consider medical and lay evidence, does not necessarily establish to me that lay evidence was required for every single prong or could be considered for every single prong, when some prongs lend themselves to medical evidence more appropriately, anyway. Yes, Your Honor. So, I think that the statute is clear in saying all pertinent medical and lay evidence. Of course, it depends on the specific case, what lay evidence might be relevant to, and I think it's directing there. Sometimes, when lay evidence, it's just not going to be possible to show nexus, right? Depending upon what the disability is, or what the injury is, and what the disability is, you're going to need some form of medical evidence. I don't have an example for you, but I think we can all agree. There are some that medical evidence is going to be needed for nexus. Sure, and that's entirely consistent, I think, with the language of the statute and with the language of Buchanan, which says the board may discount lay evidence when such discounting is appropriate, but it has to consider whether the lay evidence is credible in and of itself and can't find that it lacks credibility merely because there's no medical evidence. How do we know that the VA didn't consider medical evidence to be required for nexus for all cases in 1968? So, I think, as I pointed to before, I think the language in 354 is clear, but I'd also direct the government's brief here. The government lists a number of statutes and regulations. Did the board ever make a credibility argument? The board never made a credibility determination here. The only grounds the board gives for saying that the medical evidence could have been discounted, or that the lay evidence could have been discounted, is the lack of medical evidence in the record, and I think it's important to note that the board isn't writing on a blank slate in this decision. Was there a question at that time as to service connection? I'm sorry, Your Honor, a question? Was there any question at that time as to service connection, whether there was a connection between the injury and his service? In the 1968 decision, or when the board was addressing? When the board was addressing. No, when the board was addressing the case on its third attempt, its fourth attempt here, this is a service-connected injury, ultimately. There's no dispute about that? There's no dispute this is service-connected. If it was service-connected in the 2000s, the VA finally recognized it was service-connected. If it was service-connected in the 2000s, it was service-connected in the 1960s. Did the board make a, they did make a ruliness to the weight of the totality of the evidence, the weight of the totality of the evidence? I don't think the board can be read as making a weight of the evidence determination. The board says it's plausible that the AOJ, this is at Appendix 83, assigned the veterans lay nexus opinion, no probative value. The only reason it gives for finding that plausible is the lack of medical evidence. At pages Appendix 82, the board simply refers to the lack of medical evidence as the only reason it gives, and I think it's important here to note that the board isn't writing on a plate. Why would they use the word plausible at that time? Could it be also that they they considered the lay evidence, lay opinion? So the board's conclusion on page 83 of the appendix is that it's finding it plausible, but the only reason that the board gives for its conclusion that it might be plausible is this lack of medical evidence, and I just want to note here that the board is... Let me try to unpack that a little bit, because I think there could be two readings of that. One is that the board is saying, well, medical evidence at the time is required, and so you can't prove Q, but also for that specific case, the 1968 decision's an RO decision, right? Yes. For that specific case, the RO decided in 1968 that whatever he said in my testimony was insufficient because there was no medical confirmation of that, and that's a different basis than the legal argument. That's a factual basis, right? How do we know they didn't do that? So two points, Your Honor. First, I mean, if we read the board's decision that's on review as saying the RO plausibly could have decided no nexus based upon the record in 1968 because there was no medical evidence confirming nexus, as a matter of fact, then there's no Q, is there? So as we're talking about how to read the board's decision here, I think it's very important to look at the Veterans Court's prior remand in this case, because the board isn't writing on a blank slate. It's responding to the Veterans Court's prior remand, which is at Appendix 108, and there the court specifically directed the board that it had to find record support for any inferences it made against the veteran, and it specifically said that the board couldn't simply assume that there was a negative nexus finding when there's no reference to nexus in the decision without grounding it in some sort of record evidence. So in this most recent board decision responding to that instruction from the Veterans Court, the only record support the board identifies for the negative inference it is making against the veteran is the fact that there is no medical evidence in the record, and that can't be dismissed as simply happenstance or coincidental in the board's opinion when it's responding to that instruction from the Veterans Court. You know, as we're debating the reasoning that the board is really on here, I think it's also important to note this is a question that the Veterans Court never addressed. The Veterans Court opinion does not address whether the board's opinion and appropriately imposed a medical evidence requirement in this case. It simply doesn't address that argument at all. So that's an entirely separate grounds that vacature and remand would be appropriate here. Turning back to Judge Keith. Can I just ask you, because I mean the Veterans Court's opinion is not a model of wholesomeness here, but it seems to me on page 8, the first full paragraph, they are talking about causation and not just a legal requirement to have medical evidence, but that the RO in 68 could have found, and the board found in this case, that there was no factual support for nexus, and that's why there is no Q. So the Veterans Court here never addresses Mrs. Dover's argument on appeal, which is that the board applied the wrong legal standard, that it imposed an inappropriate medical evidence requirement. I get that, but does that matter if the Veterans Court's decision is founded upon its view that the board found as a factual matter there was no Q, because there was no factual showing of, even with the lay testimony, nexus here? Because that's the way I read the court's opinion. It's, I don't know about reading the board's opinion that way, but we're reviewing the court's opinion. It seems like the court made a finding that there's no clear and unmistakable error in the factual determination that there's no but-for-cause nexus, and if that's true, then this legal issue about whether lay testimony had to be considered for nexus in 1968 is something we don't even need to reach, right? Yes, I understand your Honor's point, but I don't think the opinion can be read in context as making that determination. It's kind of arguing for a finding of harmlessness here, where the Veterans Court never addressed whether there was error in the first place. I see your rebuttal time. Do you want to reserve it? Yes, I would like to reserve my rebuttal time. Thank you. All right. Let's hear from Counselor Baye. May it please the court, the court should disregard Mrs. Dover's attempts to muddy the waters regarding what the board did or didn't find, or whether the lay evidence was sufficient to grant service connection. My problem here is that there's muddy waters consistent throughout this case. The board decisions, and there's several of them, are unclear. The initial decision is unclear, and now the Veterans Court case is unclear. It seems to me that the only board ruling that was made below that, that is germane, is their statement that it's plausible. I don't know, show me a case that helps me review this particular case on a judgment that is based on plausibility. Right. Well, I think the most important thing here is that Q requires a lot more than plausibility. Q requires an undebatable error that must have manifestly changed things. So I think at best, if you can show that it's plausible, then that's still not enough. And I also think that it's... What does plausible mean? It means it could be. Right. Right? Yeah. I mean, so the board was saying that essentially it's not making a negative nexus finding, or it's not saying that the 1968 R.O. made a negative nexus finding. I mean, they're saying it could have been, and it could not have been. Well, it's actually saying that without assuming that the board made a negative nexus finding, that certainly... What do you mean without an opinion? Sorry? What do you mean without an opinion? If there's no opinion there, what am I to review? Well, no, sorry. I'm saying that the board was disclaiming making a decision on whether there was a negative nexus opinion, but what it was saying is that taking the facts at hand and taking what the 1968 VA was required and not required to say at the time, it was plausible that the R.O., with or without medical expertise, did not assign the lay evidence probative value. And because that was plausible... It might be helpful if you point to the board decision where you think it's saying that. It says that at Appendix 83. It starts the discussion at Appendix 82, where it first talks about how the R.O. was comprised and how it was required to assess evidence was different in 1968 and then now, and then it goes to say that regardless of whether the 1968 R.O. made a negative nexus finding or not, it's still plausible that the R.O. didn't give that lay opinion probative value and also importantly stated that in 1968, VA was not required to provide adequate reasons and bases. And here, of course, the 1968 decision is pretty bare bones. All it says is it recites the evidence and then it says no service connection, but that's all that was required in 1968. And what Mrs. Dover cannot show is that there was an undebatable error of law or of fact in 1968. At best, you can show that maybe the lay evidence was sufficient and maybe the board considered or didn't consider medical evidence, but maybe it's not enough. We can't consider the weight of the evidence now. We can't re-weigh the evidence. You're not asking us to do that. No, absolutely not. I mean, in fact... We're reviewing the board decision and the veterans court decision, correct? Correct. And honestly, in my opinion, what we're discussing now is sort of a tertiary argument. I think the first argument here is really, was there an error of law that... I'm curious why you want to push that as your first argument, because that seems a much harder question than just looking at what the veterans court, I think, did here and what the board did, which is to say, there's just... We find that it was plausible that the RO in 1968 found no nexus as a matter of fact, and not reaching this legal argument about whether you were required to consider lay evidence or not, that even if you did consider the lay evidence, it was plausible that they rejected it. That's what the board... That's what you're quoting us from the board's decision 182 and 83 says, right? Yes, definitely. Isn't that what the court is really relying on, on the paragraph we just looked at? And on appendix seven and eight, particularly on appendix eight, that is what the veterans court found, and so I think that standing alone is certainly enough. The reason... Look at page nine, at the top of page nine. What are we looking at on page nine, your honor? Well, appendix 84. Oh, appendix 84. It says, the board emphasizes that while the 1968 decision is not a model decision, Q is a heist to me. To say even that there's lack of clarity, I think is being very generous to this particular opinion. My problem is that I agree it's not a model decision to support Q, and I wouldn't be able to say that either side is correct in this case, because there's very little for me to review. Should I just send this back and have the board look at this and provide this court an appropriate decision that it can review? No, your honor, because I think the board's decision is fulsome enough to support the veterans court's finding. The board here is, of course, saying that the 1968 decision is not a model decision, but that's why it's important to emphasize that, as this court has found in Natale and Hawke and other cases, that the 1968 VA decision was not required to state adequate reasons and bases, and you cannot remand or overturn on that basis alone. And again, even if it's not a model decision, and even if it's your honor posits things are not entirely clear, that's not enough to support Q. Q requires an undebatable error. Yes, I understand what Q is, and Q is a very difficult hurdle to go over. Yes. And it requires precision. And I think you would agree with me, there's no precision here in the board decision or the veterans court decision. I disagree that there is no precision in the board's decision. I think the board very precisely stated that because it was plausible that the RO gave the veterans nexus opinion no probative value, that that is not sufficient to establish Q. I think that's entirely clear. And then the veterans court, of course, supported the board's decision on APPX 8, essentially saying that the veterans 1968 lay statement does not necessarily demonstrate but for causation, and then citing this court's opinion in DAV. Let's go back to page 8, the bottom paragraph. As previously conceded by VA and pointed out by Appley's representative, it is unclear why the AOJ denied the veterans claim in 68. What page are you looking at? Appendix 83. Oh, Appendix 83. Yes, exactly. Right at the bottom of Appendix... Page 8 of the decision, yes. I see, I'm getting confused because Appendix 8 of the veterans court decision, they're both page 8, so it's a little bit confusing, but in Appendix 83, which is page 8 of the board's decision, yes, it says, it is unclear why the AOJ denied the veterans claim in 1968. But I don't think any amount of remand will make clearer why the 1968 VA denied the veterans claim. But again, that's not sufficient for Q. If it's unclear why the VA in 1968 denied Mr. Dover's claim, that's simply not enough to establish an undebatable error of fact or law. The 1968 opinion is not going to change on remand. Exactly. The 1968 opinion is bare bones, and it was allowed to be bare bones at the time. And so what we have to find is that somehow that 1968 bare bones opinion unmistakably was wrong in denying him benefits based upon the record at the time. And the record at the time had no medical testimony about Nexus and only his lay testimony. Exactly. We don't know why they rejected it, but we know they rejected it. They could have rejected it on a factual basis, as the board seems to suggest it could have been plausible. They could have rejected it on a legal basis. Exactly. Let me ask you this. If one of those basis doesn't establish Q and one does establish Q, and I know you disagree that the legal basis isn't Q, but just for hypotheticals, is there still no Q? You mean if either the factual or legal basis doesn't establish Q but the other one does? I think then there would be Q so long as the error was undebatable and manifestly would have changed the result. So it has to be absolutely clear. In this case, it probably wouldn't because even if the board erred as a matter of law, and the court did in saying, and I don't even read their opinion as reaching this issue, but in saying that lay evidence could establish Nexus and medical evidence wasn't necessary, you could still read the board's opinion and the veterans court's opinion as saying that there's no factual evidence or not enough factual evidence of Nexus to be clear and unmistakably an error of fact. Absolutely. So of course, our very firm position is that there was no error of law. 1131 doesn't even go to the sufficiency of the evidence. But even if somehow in an extreme hypothetical situation, you could establish that it was undebatably clear that lay evidence alone was sufficient in 1968, you cannot show that it would have changed the result because again, the 1968 decision does not talk about 1131 or the sufficiency of the evidence. And again, it was not required to do so. And there's absolutely no evidence that there was any factual error in front of the 1968 VA or there were facts that the 1968 VA did not consider. I'm happy to talk about any other questions the court has. Otherwise, I just have two quick points to hit. I don't know if this court is interested in appellant's waiver argument against our well-grounded claim. It seems like potentially not, but we would submit that number one, it's a question of law. So waiver doesn't really apply here as the court found in Hy-Leet. And then number two, I think is an important point, which also goes to Mrs. Dover's argument that remand is required based on the veterans court's failure to address the argument about medical evidence versus lay evidence. First of all, as Judge Hughes pointed out, that's not true. The veterans court did address it, albeit not in much detail, on Appendix 8. So that is enough to defeat that claim. But I also think it's important just to quickly recognize that Mrs. Dover, I think, is not quite accurately characterizing the thrust of her argument below. She seems to say now that the central argument is that medical evidence was not enough and lay evidence was sufficient. But in reviewing the opening and reply briefs that Mrs. Dover's former counsel filed below, it's clear that this is just an argument that was made in passing as an aside. It was not the central feature of the case. And I know the full briefs are not in the Joint Appendix. We're happy to provide them if necessary. But really, it was not a main feature of the argument. And so it made sense that the VA did not address it in much detail. I'm happy to answer any other questions. Otherwise, we respectfully request that the court affirm. Thank you. Counsel, you have four minutes to vote. Thank you. Appendix 24 contains the summary of arguments from our opening brief filed below. That one paragraph summary solely discusses the board as imposing a medical evidence requirement and makes clear that that's our central argument on appeal. More broadly, at minimum, there is a real lack of clarity in the board and the Veterans Court's opinions here. So I want to pause on the incredible position that the VA is taking in imposing remand here. This is a case where there is a factual error at minimum, even if not a legal error, either setting that aside for a moment. This disability is service-connected. It's service-connected now, but it wasn't service-connected in 1968. And the later service connection is not retroactive to 1968. You have to establish cue, not just that it's now service-connected, right? That's true, Your Honor. We do have to establish cue. It's more than, oh, you could read the 1968 medical records and come up with the same argument for service connection that the VA did 40 years later. But Webbinger's cue in this case is not before this court at this point. Your Honor pointed to the fact that the 1968 VA opinion won't change. I just point the court to the fact that there have been three remands by the Veterans Court in this case. The Veterans Court applies a harmlessness standard. It will not remand to the board where it finds that the claimant could not prevail as a matter of law. This court said in Persia Valley that it has no power to make a different determination as to harmlessness. So if this is just a record that simply couldn't support cue in any circumstances, the record in this case makes no sense. There would be no reason for the Veterans Court to remand three times. I mean, the board had some pretty out there reasoning for why there was no cue that the board needed to knock down. Ultimately, the board said, and we've looked at that on page 83, it's entirely plausible that the AOJ assigned the veterans lay nexus no medical opinion or no probative value. If we accept that statement as the board's view of what happened in 1968, which was affirmed by the Veterans Court, then what do we do in this case? Isn't that a finding that the facts on 1968 just don't establish cue? As a matter of fact, not all this legal stuff. Your Honor, and I don't want to overly rehash things that I've said before here, but I simply don't believe that that sentence can be read in isolation the way that question suggests. The board here is responding to the Veterans Court's third remand in this case at Appendix 108, where the Veterans Court specifically instructed them, you have to provide a reason grounded in the record for making a negative inference against the veteran here. The only reason the board gives in its opinion is this lack of medical evidence. Notably, the government seems to read it the same way. It's not a lack of medical evidence. It's with or without medical expertise. They assign the veterans lay testimony. I get you. The board messes up three times before it got back again on this one, or two times, whatever the number. The beginning of that paragraph we're talking about, they're recognizing their error on page 82, and they're saying, well, we're not going to assume some kind of inference of a negative medical opinion. They're just saying, even without that inference, it's plausible that the AOJ found the lay testimony not probative. Can't they read the record like that? What the board is disclaiming doing is relying on the medical expertise of the member of the VA at the time. Which is what caused one of the remands. Yes, exactly. That's what caused the remand. The board is not disclaiming relying on the lack of medical evidence to dismiss the lay evidence here. The Veterans Court, of course, as we've discussed, never addresses whether the board was relying on the lack of medical evidence. If we were to remand with instruction, what should those instructions say? I think there are two options here, because there are two errors. The court can vacate and remand for the Veterans Court to address, in the first instance, the veterans' argument that the board imposed an inappropriate medical evidence requirement. We've collected cases at reply brief 15, and I'd point the court to Spence V. McDonough and Calvert v. Peay if this is regularly done. I disagree with you on the legal question, though. I don't think you have to agree with me on the legal question to do that. If we disagree with you on the legal question, then in 1968 medical, it wasn't an unmistakable error of law to require medical evidence for nexus, then there would be no basis to remand, right? The court can't instruct the Veterans Court to simply address this argument in the first instance and fully flesh it out for a record for this court to review. I do think that briefing here makes clear that there was no medical evidence requirement in the 1960s. The government has been unable to point to anything suggesting there was one. I see that I'm over my time. We thank you for your argument. We thank all the parties for their arguments, and this case will now be taken to the commission.